LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

MARCOS TORRES ,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class,*

    Plaintiff,

        -against-

ECCO 124 CHAMBERS LLC d/b/a ECCO
and RAY COLOVIC

    Defendants.

---

**CLASS AND COLLECTIVE COMPLAINT**

Case No.

Plaintiff, MARCOS TORRES ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, ECCO 124 CHAMBERS LLC, d/b/a ECCO ("Ecco" or "Corporate Defendant"), and RAY COLOVIC ("Individual Defendant" and collectively with "Ecco", the "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) wages unpaid due to time shaving, (4) liquidated damages, and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) wages unpaid due to time shaving, (4) statutory penalties, (5) unpaid spread of hours premium, (6) liquidated damages, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, MARCOS TORRES, is a resident of Queens County, New York.

6. (a) ECCO 124 CHAMBERS LLC, is a corporation organized under the laws of the State of New York, with a principle executive office, and an address for service of process, located at 124 CHAMBERS STREET, NEW YORK, NEW YORK, 10007. Its principal place of business is also located at 124 CHAMBERS STREET, NEW YORK, NEW YORK, 10007.

(b) RAY COLOVIC is the Chief Executive Officer of ECCO 124 CHAMBERS LLC. At all relevant times, he has held himself out to be an owner and operator of "Ecco".

7. The Individual Defendant exercised control over the terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members. The Individual Defendant exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment, of Plaintiff, the FLSA Collective Plaintiffs and the Class members. He also exercised the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

8. At all relevant times, ECCO 124 CHAMBERS LLC, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees, including runners, bussers, waiters, barbacks and bartenders, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiff and FLSA Collective Plaintiffs claim that Defendants willfully violated their rights by (i)

failing to pay their minimum wages in the lawful amount for hours worked while failing to satisfy the statutory requirements in order to pay the lower tipped minimum wage (ii) requiring them to work off the clock.

12. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, including cooks, line-cooks, dishwashers, food preparers, porters, runners, bussers, waiters, barbacks and bartenders employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period"). The Class further includes a subclass of tipped employees including runners, bussers, waiters, barbacks and bartenders ("Tipped Subclass").

14. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

15. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the

precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) Class members.

16.     Plaintiff's claims are typical of those claims, that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation; (ii) failing to pay spread of hours premium; (iii) failing to provide proper wage and hour notice to Class members, at date of hiring and annually, per requirements of the New York Labor Law; and (iv) failing to provide wage statements per requirements of the New York Labor Law. In addition, members of the Tipped Subclass suffered from Defendants' failure to pay minimum wage by (i) unlawfully paying the lower tipped minimum wage while failing to satisfy statutory requirements to do so legally; (ii) time-shaving; and Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

17.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

18.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

20. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

   d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

   e) Whether Defendants satisfied all of the statutory requirements in order to take a tip credit, in particular whether they:

   i. properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

   ii. subjected the Tipped Subclass to an invalid tip-pooling scheme by which managers illegally retained tips;

   iii. took proper amount of tip credit allowance under the New York Labor Law with respect to the tipped subclass;

   iv. maintained daily records of tips earned by the Tipped Subclass; and

   v. provided notice to members of the Tipped Subclass of the amount of the tip credit allowance claimed to each member of the Tipped Subclass for each pay period; and

7

      vi. Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workday;

f) Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law;

g) Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked;

h) Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law; and

i) Whether Defendants failed to properly compensate Plaintiff and Class members for all their hours worked.

## STATEMENT OF FACTS

21. In or around December 2015, Plaintiff, MARCOS TORRE, was hired by Defendants to work as a waiter for Defendants at their "Ecco" restaurant, located at 124 CHAMBERS STREET, NEW YORK, NEW YORK, 10007. Plaintiff MARCOS TORRES was directly hired by Defendant RAY COLOVIC and was discharged on or about March 12, 2017. At all times, Plaintiff was a tipped employee.

22. From December 2015 until the end of his employment on March 12, 2017, Plaintiff Torres regular working schedule was as follows:

a) Tuesday: 5pm. to 11pm.

b) Wednesday: (1st shift) 11 am. to 2:30 pm. and (2nd shift) 5 pm. to 11pm.

c) Thursday: (1st shift) 10 am. to 2:30 pm. and (2nd shift) 5 pm. to 11pm.

d) Friday: (1st shift) 11 am. to 3 pm. and (2nd shift) 5 pm. to 11 pm.

e) Saturday: 4pm. to 12 am.

23. On each day, Plaintiff worked half an hour past his working schedule but was only paid for his scheduled hours. Other Class members similarly worked past their scheduled hours and were not paid for such time. In addition, Defendants rounded down hours to the nearest whole hour for the compensation of all Class members, resulting in at least 2,5 hours of shaved time for each Class Member.

24. From December 2015 until the end of his employment on March 12, 2017, Defendants paid Plaintiff at a base hourly rate below the tip credit minimum wage for food service workers, even assuming a valid tip credit allowance. From December 2015 to January 2016, Plaintiff was paid $7/hour and starting January 2016, until the end of his employment in March 2017, Plaintiff was paid $7.50/hour. Other FLSA Collective Plaintiffs and Tipped Subclass members were similarly compensated.

25. Plaintiff, FLSA Collective Plaintiffs, and Tipped Subclass members never received wage statements that accurately reflected their actual hours worked.

26. Plaintiff and Class members did not receive any notice that Defendants were taking a tip credit. In addition, they did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment. They were also never informed in writing as to their hourly rate of pay and overtime rate of pay.

27. Defendants failed to keep track of the daily amount of tips received by Plaintiffs, FLSA Collective Plaintiffs and Class members, and also failed to keep the proper employment records required under the FLSA and NYLL.

28. Due to actions described above, Defendants were not entitled to pay Plaintiff, FLSA Collective Plaintiffs, and Tipped Subclass members the tipped minimum wage.

Defendants thus unlawfully failed to pay the Plaintiff, the FLSA Collective Plaintiffs, and Tipped Subclass members the Federal and New York State minimum wage for all hours worked.

29. Plaintiff and other Class Members had work days exceeding 10 hours on a daily basis, but were never paid their spread of hours premium.

30. Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and Class members one-and-one-half times New York State and federal minimum wage for hours they worked over 40 in a workweek.

31. For the hours that Defendants did pay Plaintiffs, Defendants paid Plaintiff, the FLSA Collective Plaintiffs and the Class members, the invalid "tip credit" minimum wage, which is less than the federal and New York State minimum wages. Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) exceeded the maximum amount of tip credit allowance that could be claimed under the NYLL, (ii) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (iii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL.

32. Defendants failed to properly notify Plaintiff and Class members of their hourly rate of pay and overtime rate of pay, in direct violation of the New York Labor Law. Defendants also failed to provide accurate wage and hour notices, at the date of hiring and annually, to all non-exempt employees in violation of the requirements of the New York Labor Law.

33. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

34. Plaintiff realleges and reavers Paragraphs 1 through 33 of this class and collective action Complaint as if fully set forth herein.

35. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

36. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

37. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

38. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek. This violation was willful in that Defendants knew or should have known that such was due.

39. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and FLSA Tipped Plaintiffs for their hours worked. Defendants did not satisfy the statutory requirements for paying the tip credit minimum wage for reasons set forth above. This violation was willful in that Defendants knew or should have known that they had not satisfied the statutory requirements for taking tip credits.

40. At all relevant times, Defendants had a policy and practice of "time-shaving," or

11

requiring Plaintiff and FLSA Collective Plaintiffs to work off the clock. This violation was willful in that Defendants knew or should have known that failing to compensate employees for hours worked is illegal.

41. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, and unpaid wages due to time shaving, plus an equal amount as liquidated damages.

45. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

46. Plaintiff realleges and reavers Paragraphs 1 through 45 of this class and collective action Complaint as if fully set forth herein.

47. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

48. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

49. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

50. Defendants willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay Plaintiff's minimum wages in the lawful amount for hours worked. Defendants did not satisfy the statutory requirements for paying the tip credit minimum wage for reasons set forth above. This violation was willful in that Defendants knew or should have known that they had not satisfied the statutory requirements for taking tip credits.

51. At all relevant times, Defendants had a policy and practice of "time-shaving," or requiring Plaintiff and members of the Tipped Subclass to work off the clock as factually described above. This violation was willful in that Defendants knew or should have known that failing to compensate employees for hours worked is illegal.

52. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

53. Defendants failed to provide accurate wage statements that reflected actual hours worked with every payment of wages to Plaintiff and Class members per requirements of the New York Labor Law.

54. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage,

unpaid wages due to time-shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage pursuant to the New York Labor Law;

g. An award of the spread of hours pay pursuant to the New York Labor Law;

h. An award representing disgorgement of tips illegally retained by Defendants;

i. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representative of Class; and

m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 27, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: /s/ C.K. Lee
C.K. Lee, Esq. (CL 4086)